Leonard E. FRALEY, Plaintiff–
Appellant,

v.

OCWEN FEDERAL BANK FSB,
Defendant–Appellee.

No. 00–3786.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit
Judges; ROBERTS, District Judge.*

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Leonard Fraley appeals pro se from a district court judgment that dismissed his civil case filed under the Truth in Lending Act ("TLA"), 15 U.S.C. § 1635, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Fraley alleged that the Ocwen Federal Bank ("Ocwen") improperly held him to the terms of a loan that he had cancelled under the mandatory disclosure provisions of the TLA. He also alleged that Ocwen violated the terms of its contract and RESPA by transferring his loan to the Decision One Mortgage Company, LCC ("Decision One"). The district court awarded summary judgment to Ocwen on June 5, 2000, and Fraley's motion for reconsideration was denied on July 7, 2000.

We review an award of summary judgment *de novo. See Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.*

■ The district court properly found that Ocwen was not a creditor which might be liable under 15 U.S.C. § 1635. Instead, the record explicitly shows that Decision One was the creditor on Fraley's note and mortgage. A Residential Flow Servicing Agreement between Decision One and Ocwen plainly identifies Decision One as "the owner of and holder of the notes." It also designates Ocwen as the servicer of the loans that are owned by Decision One and requires Ocwen to hold any funds that it receives on those loans in trust for Decision One.

■ Fraley now argues that the Servicing Agreement is not relevant proof because the agreement predates his loan and because he is not listed as a debtor in the agreement. This argument is unpersuasive because the Servicing Agreement applies to all of Decision One's loans, current and future. Moreover, a recent decision of our court plainly indicates that Decision One owned Fraley's loan. *Decision One Mortgage Co., LCC v. Fraley,* No. 00–3270, 2000 WL 1889700 (6th Cir. Dec.19, 2000) (unpublished). Thus, Fraley is collaterally estopped from relitigating that issue here. *See Bills v. Aseltine,* 52 F.3d 596, 604 (6th Cir.1995).

■ Fraley also argues that the district court failed to consider extenuating circumstances regarding the rescission of his loan. This argument is also foreclosed by our court's prior decision, which held that the district court properly exercised its equitable powers by conditioning the cancellation of Fraley's loan on the repayment of the net principal that he had already received from Decision One. *Decision One Mortgage Co., LCC,* 2000 WL 1889700, at *2.

■ Fraley alleged that Ocwen breached its contract and violated RESPA by transferring his loan back to Decision One after it had been cancelled. However, our prior decision shows that the rescission of the loan was conditioned upon the repayment of $22,099 to Decision One. *Id.* at *1. Fraley had not satisfied this condition when Ocwen transferred its servicing rights back to Decision One. Hence, his loan had not been cancelled at that time. Furthermore, RESPA does not expressly prohibit the transfer of a cancelled loan, and Ocwen did comply with the notice requirements of RESPA. *See* 12 U.S.C. § 2605.

Fraley's remaining arguments are all unavailing.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.